UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-945-GHK (KK) | Date: | May 9, 2016 |
| Title: | Trizah Morris, et al. v. City of Fontana, et al. | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order To Show Cause Why Plaintiffs' Counsel And Plaintiff Trizah Morris Should Not Be Subject To Sanctions, Fees, and Costs

## I.
## BACKGROUND

On March 21, 2016, counsel for Plaintiffs and Defendants appeared before United States District Judge George H. King for a scheduling conference.  Dkt. 31, Mins. of Scheduling Conference.  Judge King "determine[d] that this case could benefit from an early settlement conference" and ordered the parties to schedule a settlement conference with United States Magistrate Judge Kenly Kiya Kato.  Id.

On March 31, 2016, Judge Kato issued an Order Re: Settlement Conference stating as follows:

> . . . [C]ounsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be cancelled and rescheduled.  The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

Dkt. 32, Order Re: Settlement Conference ¶ 4. Judge Kato's Courtroom Deputy subsequently coordinated with the parties to secure a mutually agreeable date for the settlement conference, and the settlement conference was scheduled for May 6, 2016. Dkt. 34, Scheduling Notice.

On May 4, 2016, Plaintiffs' counsel informed the Court that Plaintiff Trizah Morris would not physically appear at the May 6, 2016 settlement conference and asked whether she could appear telephonically. The Court informed Plaintiffs' counsel that Plaintiff Trizah Morris's physical appearance was mandatory as set forth in the Court's March 31, 2016 Order, and any failure to physically appear would result in Judge Kato issuing an Order to Show Cause.

On May 6, 2016, Plaintiffs' counsel, Defendant' counsel, and Defendants' representative with settlement authority appeared at the scheduled settlement conference. Plaintiff Trizah Morris failed to appear. Hence, the settlement conference was rescheduled for June 9, 2016.

## II.
## PLAINTIFFS' COUNSEL AND PLAINTIFF TRIZAH MORRIS ARE SUBJECT TO SANCTIONS, COSTS, AND FEES

"[C]ourts may impose sanctions for the failure to obey court orders." Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). Even where a violation of court orders occurs inadvertently, "a district court may levy sanctions pursuant to its inherent power for 'willful disobedience of a court order . . . .'" Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012) (quoting Fink v. Gomez, 239 F.3d 989, 989 (9th Cir. 2001)).

Here, Plaintiffs' counsel and Plaintiff Trizah Morris willfully violated the Court's March 31, 2016 Order. See Dkt. 32, Order Re: Settlement Conference ¶ 4. Specifically, Plaintiffs' counsel appeared without Plaintiff Trizah Morris despite the express order that "counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be cancelled and rescheduled." Id. The Court's March 31, 2016 Order also warned, "The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling." Id. Moreover, Plaintiffs' counsel was specifically informed that compliance with the Court's March 31, 2016 Order was required and that failure to comply would result in an Order to Show Cause. [1]
///
///
///

---

[1] The Court also notes Plaintiff Trizah Morris's willful failure to comply with the Court's May 31, 2016 Order and attend a critical proceeding, despite having been specifically advised of her responsibilities and the likely consequences that would result from failure to comply, raises issues regarding her interest in her case and intent to litigate this action diligently.

## III.
## ORDER

Accordingly, Plaintiffs' counsel and Plaintiff Trizah Morris are ORDERED TO SHOW CAUSE why Plaintiffs' counsel and Plaintiff Trizah Morris should not be subject sanctions, costs, and fees.  Plaintiffs' counsel and Plaintiff Trizah Morris must file a written response to this Order by **May 11, 2016**, and attach any documents supporting their positions.

IT IS FURTHER ORDERED that Defendants' counsel shall file a schedule of fees and costs incurred in preparing for and attending the May 6, 2016 settlement conference no later than **May 13, 2016**.

Further, Plaintiffs' counsel are referred to the Central District of California's Civility and Professionalism Guidelines: https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines#Guidelines.  Plaintiffs' counsel is ordered to review the Civility and Professionalism Guidelines, including "Lawyer's Duties to Other Counsel" and "Lawyer's Duties to the Court."