Raymond P. Boucher, State Bar No. 115364
 *ray@boucher.la*
Brian M. Bush, State Bar No. 294713
 *bush@boucher.la*
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:  (818) 340-5400
Fax:  (818) 340-5401

Hermez Moreno, State Bar No. 72009
 *hermez@hermezmoreno.com*
LAW OFFICES OF HERMEZ MORENO, PC
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:  (818) 340-5400
Fax:  (818) 340-5401

Attorneys for Plaintiffs,
Trizah Morris, et. al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRIZAH MORRIS, ANTONIO THOMAS, DEONTAE MORRIS and O. M., K. M., and L. M., minors, by and through their Guardian ad Litem, TRIZAH MORRIS,<br><br>            Plaintiffs,<br><br>     v.<br><br>CITY OF FONTANA, FONTANA POLICE OFFICERS AU, DRYER, GONZALEZ, FREEMAN, SGT. MORITZ AND DOE DEFENDANTS 1 THROUGH 10, Inclusive,<br><br>            Defendants. | Case No. 5:15-cv-00945-GHK-KK<br><br>**DECLARATION OF PETITIONER, TRIZAH MORRIS, IN SUPPORT OF MOTION FOR MINORS' COMPROMISE**<br><br>Filed Concurrently with Motion for Minors' Compromise; Declaration of Brian M. Bush; Proposed Order<br><br>Hearing<br>Date:   July 18, 2016<br>Time:   9:30 a.m.<br>Crtrm.: 650<br><br>The Hon. George H. King<br><br>Trial Date:        None Set |

I, Trizah Morris, declare as follows:

1. I am over 18 years of age and am of sound mind and body. I am a resident of Los Vegas, Nevada. To my knowledge all of the facts stated in this affidavit are true and correct and I would testify to the contents herein of my own personal knowledge if called upon as a witness.

2. I am a party to this action, as well as the Guardian ad Litem for minor Plaintiffs O.M., K.M., and L.M. I am the natural mother of minor Plaintiffs O.M., K.M., and L.M. I make this declaration in support of the Motion for Minors' Compromise, filed concurrently herewith.

3. I understand and acknowledge that this case has settled as to all Plaintiffs, Trizah Morris, Antonio Thomas, Deontae Morris, O.M., K.M., and L.M., in the amount of $25,000 with Defendants City of Fontana, and Fontana Police Officers Au, Dryer, Gonzalez, Freeman, and Sgt. Moritz in the lawsuit arising out of an incident at my home in Fontana, California on August 11, 2014, whereby said Defendants entered my home without a warrant and harassed my children and I, arrested my adult son Antonio, and charged both my son and I with resisting arrest and obstructing a police officer, respectively.

4. During a "pat down" of my daughter, minor plaintiff K.M., one of the defendant officers touched her chest in an inappropriate manner. I have personally witnessed that this act has caused my daughter, K.M., embarrassment and emotional pain.

5. Following the August 11, 2014, incident at my home, police officers repeatedly came to my home in Fontana, California, and looked in windows and parked outside on my street. I felt that our family had no choice but to move out of the City of Fontana for fear of further police harassment. In September, 2014, we moved out and eventually settled in Los Vegas, Nevada.

6. Uprooting my family has caused each of my children, including minor Plaintiffs O.M., K.M., and L.M., to go through unnecessary stress, loss of friendships,

and further emotional harm. With the passage of time, my children have in large part recovered from the emotional stress, anxiety and harm caused as a result of the conduct of defendants.

    7.    Mr. Bush has explained in detail that the proceeds of the $25,000 settlement will be distributed as follows:

    a.    $500.00, for minor Plaintiff O.M., which will be deposited into a blocked account at Bank of America in Las Vegas, which will be interest bearing and that upon reaching the age of 18, O.M. will be able to withdraw the funds. I further understand that it will be my responsibility pursuant to the Court's Order, to open said account for O.M. immediately upon reciept of the funds by check made payable to the Petitioner (myself) as trustee for the minor Plaintiff, O.M. I endorse and support this plan for disbursement of the settlement proceeds to O.M.

    b.    $500.00, for minor Plaintiff L.M., which will be deposited into a blocked account at Bank of America in Las Vegas, which will be interest bearing and that upon reaching the age of 18, L.M. will be able to withdraw the funds. I further understand that it will be my responsibility pursuant to the Court's Order, to open said account for L.M. immediately upon reciept of the funds by check made payable to the Petitioner (myself) as trustee for the minor Plaintiff, L.M. I endorse and support this plan for disbursement of the settlement proceeds to L.M.

    c.    $1,500.00, for minor Plaintiff K.M., which will be deposited into a blocked account at Bank of America in Las Vegas, which will be interest bearing and that upon reaching the age of 18, K.M. will be able to withdraw the funds. I further understand that it will be my responsibility pursuant to the Court's Order, to open said account

        for K.M. immediately upon reciept of the funds by check made payable to the Petitioner (myself) as trustee for the minor Plaintiff, K.M. I endorse and support this plan for disbursement of the settlement proceeds to K.M.

    d.    $22,500 to be made payable to Boucher LLP Client Trust Account, from which the following disbursements shall be made:

        i.    $500.00, for Plaintiff Deontae Morris,

        ii.    $5,388.75 [($22,000 - $8663.97[1] - $2,558.53[2]) ÷ 2], to Plaintiff Antonio Thomas; and

        iii.    $5,388.75 [($22,000 - $8663.97 - $2,558.53) ÷ 2], to Plaintiff Trizah Morris.

8.    I further understand that the litigation costs of this action will be divided equally and subtracted from the settlement proceeds as to only Antonio Thomas and Trizah Morris. Mr. Bush has explained the litigation costs in this action, which total $2,558.53 and incompass costs for printing, copying, postage, travel expenses paid by my attorneys to arrange for my travel from Los Vegas to attend two settlement conferences, legal research charges, document service providers and process servers, and court filing fees. I agree that these costs are reasonable.

9.    There is no current medical lien for any health care provided to the minors in this action. There is a lien held by a lender in the amount of $8663.97 – payable by

---

[1] This amount is the result of a lien on this settlement which is the result of a loan Plaintiff took out to pay living expenses when she relocated to Los Vegas, Nevada, which for equitable purposes Plaintiffs have agreed that the lien will be taxed from the proceeds of the Settlement as it relates to Plaintiffs Trizah Morris and Antonio Thomas, only, and not as to the minor children, or Plaintiff Deontae Morris.

[2] This amount is the total litigation costs incurred by Plaintiffs' counsel, Boucher LLP, which for equitable purposes Plaintiffs have agreed that the lien will be taxed from the proceeds of the Settlement as it relates to Plaintiffs Trizah Morris and Antonio Thomas, only, and not as to the minor children, or Plaintiff Deontae Morris.

no later than August 4, 2016 – as a result of my aquiring a loan against this civil case in order to pay basic living expenses after I felt forced to move out of the City of Fontana, and relocated in Los Vegas, Nevada.

10. Lastly, I understand that, in order to assure that all plaintiffs receive an equitable settlement distribution in light of the facts of the case and the amount of the gross settlement, $25,000, which must be divided amoung six plaintiffs, my counsel of record, Boucher LLP and Hermez Moreno, have agreed to waive their attorneys' fees, which pursuant to the retainer I signed would otherwise have constituted 40% of the gross settlement.

11. I believe the above distribution is fair and equitable for the following reasons: (a) Minors O.M. and L.M.'s damages consist of the stress and anxiety and loss of friendship only due to the relocation of our family from Fontana to Los Vegas, and they have largely recovered from the emotional distress caused by the incident; (b) Minor K.M. suffered the same emotional harm as plaintiffs O.M. and L.M. caused by our family's relocation, but additionally suffered embarrasment and further emotional harm after being touched in the chest during a pat down by the defendant officers, and therefore is deserving of a higher damage award than the other two children; (c) Plaintiff Deontae Morris, my adult son, mainly suffered the stress and anxiety and loss of friendship only due to the relocation of our family from Fontana to Los Vegas, and was not actually present in the house during the August 11, 2014, incident; (d) my adult son, Antonio Thomas, was arrested, then released onto the streets of Fontana in the middle of the night to fend for himself and has suffered emotional distress symptoms as a result thereof, which are only now beginning to heal, and therefore deserves a higher damage award; and (e) the apportionment of the settlement to me in an amount equal to that of Antonio Thomas, is fair and equitable because I was forced to expend money on behalf of myself and Antonio Thomas to pay a criminal defense attorney as a result of being improperly charged with criminal acts of obstruction of a police officer and resisting arrest – which have also impacted my ability to find permanent gainful

employment after the incident – and I have borne the full costs and expenses of moving our family to Los Vegas, Nevada, due to the defendants' harrassment of my family. The incident has affected by credit, ability to find work, the stability of our family for which I am the sole provider and caretaker of the minor children, and as a result, I have suffered emotional pain, anxiety and stress which continues to this day.

12. I understand that if the minors' compromise is approved by the Court, the minor Plaintiffs O.M., K.M., and L.M., will be forever barred from seeking any further recover from the aforesaid defendants for any and all claims and future damages, if there be any, arising out of the August 11, 2014, incident, and the continued harrasment leading eventually to our family's relocation to Los Vegas, even though O.M., K.M., and L.M.'s injuries might in the future appear to be more serious than they now appear to be.

13. I am satisfied that I understand the details concerning the Motion for Minor's Compromise for sinors, O.M., K.M., and L.M., and ask the Court respectfully to approve the compromise and grant the motion.

14. I further respectfully request that the Honorable Court grant the motion without requiring my appearance or that of my children, the minor plaintiffs, because we currently live out of state and it would cause a financial hardship to arrange travel for the three minors and myself to attend the hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 16th Day of June, 2016, at _____ _____ (City, State).

/s/_____
Trizah Morris